836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David OVEGIAN, Petitioner-Appellant,
v.
William ABSHIRE, Respondent-Appellee.
 No. 85-1747.
 United States Court of Appeals, Sixth Circuit.
 Dec. 24, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, petitioner-appellant David Ovegian claims that because of his right to be free from double jeopardy, he is entitled to be discharged from custody. The district court disagreed and dismissed his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Ovegian appealed to this court. Upon consideration, we find no basis for reversal and affirm the district court's opinion.
 
 
 2
 Ovegian is presently confined at the Riverside Correctional Facility in Ionia, Michigan. He was convicted of first degree murder by a jury in Oakland County Circuit Court in 1979 and was sentenced to life imprisonment. The Michigan Court of Appeals affirmed his conviction in a per curiam opinion on March 18, 1981, People v. Ovegian, Court of Appeals No. 44542, and the Michigan Supreme Court denied his application for leave to appeal on December 22, 1981, People v. Ovegian, 412 Mich. 887 (1981).
 
 
 3
 The sole contention raised by Ovegian in his current petition is that the double jeopardy clause waas violated. Specifically, he contends that the state trial judge's actions on October 26, 1978, with respect to the jury, constituted a "discharge" of the jury after it had been sworn in. Therefore, Ovegian reasons, the trial judge violated the fifth amendment's double jeopardy clause by reconvening the jury and continuing the trial. The United States Magistrate found that where a jury is told to return home during a stay in the proceedings and is subsequently recalled and hears the remainder of the case, there is no legal basis in the due process clause for holding that such an action terminated Ovegian's continuing jeopardy. Ovegian refutes this by saying that there is substantial evidence in the record for a stay in proceedings. He contends that what occurred was factually and legally a discharge of the jury.
 
 
 4
 This matter came before the district court because of Ovegian's objections to the Report and Recommendation filed by the United States Magistrate. After a de novo determination with regard to those portions of the report to which Ovegian specifically objected, the district court found that the Report and Recommendation was correct and adopted it. Additional relevant facts are set out below.
 
 
 5
 Thirty-nine persons comprising three separate juries were chosen for the trial of Ovegian and his two co-defendants. The juries were sworn in on October 24, 1978, and the prosecutor presented his opening arguments to them. The prosecutor then sought an emergency interlocutory appeal to reinstate a first degree murder charge, because on October 23, 1978, the trial judge had reduced the charge to second degree murder. As a result of the appeal, the Michigan Court of Appeals ordered the trial stayed. That order was received on October 25, and the trial was adjourned until October 26. On that day, however, the jurors reported for duty but the prosecutor, the defense attorneys and their clients did not. (They apparently assumed that the stay was in effect....) The trial judge then read the jurors the Court of Appeals stay order, and made the following comments:
 
 
 6
 Pursuant to that order I would instruct you to leave the courthouse and return to your daily life. That is this Court's instruction.
 
 
 7
 I can go no further than that because the law prohibits me from communicating with you in the absence of counsel and the respondents for the various parties.
 
 
 8
 You may withdraw the juries, Sergeant.
 
 
 9
 The juries reconvened on November 2, 1978, but when Ovegian's attorney objected to further trial proceedings because the matter had reached the Michigan Supreme Court, they went home again. The trial resumed in January 1979 with the same juries and, eventually, Ovegian was convicted. Of the 39 jurors only two testified that they believed they had been discharged as jurors after hearing the judge's October 26, 1978, announcement. Thus, the district court held that the trial judge's October 26, 1978, dismissal of the jurors was not a discharge and Ovegian's jeopardy continued until the criminal proceedings ran their full course. The district court's dismissal of Ovegian's petition for habeas corpus relief led to this appeal.
 
 
 10
 As a reviewing court we must adhere to the requirement of Section 2254(d) that a federal court accord a presumption of correctness to a state court's factual findings, Sumner v. Mata, 455 U.S. 591 (1982), and give a high measure of deference to those findings. Marshall v. Lonberger, 459 U.S. 422 (1983). Thus, like the federal district court, we must defer to the state court's finding of fact. In other words, we must presume that the factual determinations of the state trial court and the findings of the Michigan Court of Appeals are correct unless one of the eight factors listed in 28 U.S.C. Sec. 2254(d) is established by the petitioner or admitted by the respondent or otherwise appears to exist.[1] We think that Ovegian's appeal fails to establish that the state court's factual determination violates any of these factors. Furthermore, since respondent, Abshire, does not contend that the state court's factual determination is incorrect, we agree with the district court's conclusion that the jury was not discharged on October 26, 1978.
 
 
 11
 We also agree with the district court's view that Ovegian was not twice placed in jeopardy for the same offense. In Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 104 S.Ct. 1805 (1984), the Supreme Court recognized three separate guarantees embodied in the double jeopardy clause. The Court said the clause protects against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. Id. at 306-07. In United States v. Scott, 437 U.S. 82 (1978), the Court also established a guarantee against retrial after the declaration of a mistrial without the consent of the defendant. Despite his arguments to the contrary, we do not think that Ovegian's case violates any of these guarantees. Instead, it is our opinion that his jeopardy continued throughout a single, continuous course of judicial proceedings, and we see no legal basis in the double jeopardy clause for holding that the dismissal of the jury on October 26, 1978, terminated his continuing jeopardy. Therefore, we AFFIRM the district court's dismissal of Ovegian's petition for habeas relief.
 
 
 
 [1]
 In relevant part 28 U.S.C. Sec. 2254(d) provides as follows:
 (1) that the merits of the factual dispute were not resolved in the State court hearing;
 (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
 (3) that the material facts were not adequately developed at the State court hearing;
 (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
 (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
 (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
 (7) that the applicant was otherwise denied due process of law in the State court proceeding;
 (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record: ...